UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KELVIN LAMONT ELLISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 1:14-CV-53-HSM-CHS |
| v. | ) |
| | ) |
| SHERIFF JIM HAMMOND, COUNTY COMMISSION, CHIEF DEPUTY ALEN BRANUM, CAPTAIN SWOPE, OFFICER MILCHAK, LT. KNIGHT, and LT. COPPINGER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and Plaintiff's certificate for his inmate trust account [Doc. 4]. It appears from Plaintiff's filings [Docs. 1 and 4] that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, Plaintiff alleges that Defendant Milchak refused to provide him with a meal on two occasions and that, on the second occasion, Plaintiff informed Defendant Milchak that he had not eaten, but when Plaintiff again wanted to speak to Defendant Milchak about

2

missing this meal, Defendant Milchak stated "y[']all n*ggas ain't nothing to me but my car payment, house payment, [and] boat payment[,] that's all y[']all are to me [Doc. 1 p. 2]. These are the only substantive allegations in the complaint.

Liberally construing the complaint in favor of Plaintiff, it fails to state a claim for violation of Plaintiff's constitutional rights. Specifically, Plaintiff sets forth no allegations from which the Court could plausibly infer that Plaintiff was not provided with food sufficient to maintain normal health as required for prison deprivation of food to violate the Eighth Amendment. *Richmond v. Settles*, 450 Fed. App'x 448, 456 (6th Cir. 2011). Further, it is not unconstitutional to use slurs or epithets. *Williams v. Sandel*, 433 F. App'x 353, 362 (6th Cir. 2011). As such, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983.

Because Plaintiff is an inmate in the Northwest Correctional Complex, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Northwest County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of

3

Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Further, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith and the Court will therefore **DENY** Plaintiff leave to appeal *in forma pauperis*.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**E N T E R :**

                                              */s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE